Lisa CLARK, Appellant–Respondent,

v.

Anthony CLARK, Appellee–Petitioner.

No. 45A03–9912–CV–443.

Court of Appeals of Indiana.

April 13, 2000.

Rehearing Denied May 31, 2000.

James E. Foster, Hammond, Indiana, Attorney for Appellant.

David M. Austgen, James R. Reed, Crown Point, Indiana, Attorney for Appellee.

## OPINION

HOFFMAN, Senior Judge

Respondent–Appellant Lisa Clark ("Mother") appeals from the trial court's order granting joint legal custody to her and Petitioner–Appellee Anthony Clark ("Father"). We affirm.

Mother and Father were married on May 23, 1987. They were briefly separated in 1994, before separating again in 1996. Three children were born of the marriage. Father filed a document entitled "Verified Petitions for Dissolution of Marriage and Temporary Custody" on December 28, 1995. Both Mother and Father initially sought custody of the three children. The trial court ordered a home study and custodial evaluation at the request of Father to assist in resolving that issue.

On August 14, 1998, a final hearing was held in this matter. Father proceeded at the hearing pro se. At that hearing Father stipulated that he was no longer seeking to be the children's custodial parent, and that Mother should be the custodial parent. The trial court took the matter under advisement.

On June 7, 1999, the trial court issued a Decree of Dissolution of Marriage. In that decree, the trial court accepted Mother and Father's stipulation that Mother should be the custodial parent of the children. The trial court also awarded joint legal custody of the children to Mother and Father.

Both Mother and Father filed Motions to Correct Error, and a hearing was held on the motions. Father's motion, which was denied by the trial court, is not the subject of this appeal. Mother's motion, which also was denied by the trial court, raised the issue of the award of joint legal custody. Mother argued below, as she argues now on appeal, that the trial court erred by awarding joint legal custody. Mother contended then, as she does now, that Father waived his right to share legal custody of the children by stipulating that Mother should be the custodial parent. The trial court denied the motion by an order entered on August 5, 1999. The trial court explained its award of joint legal custody in that order which reads in relevant part as follows:

4. As to both Motions to Correct Errors, both Motions are DENIED. The Court found that the Parties agreed that Mrs. Clark should be the custodial parent, but being the custodial parent does not necessarily mean that Mr. Clark was precluded from sharing joint legal custody with her. The Court found that even though there was testimony that the Parties were argumentative with each other and did not readily make agreements, the testimony was that in regard to the issues that concern

the children, the Parties were able to cooperate and agree as to what was in the children's best interest. (R. 29–30).

■■■ Child custody determinations fall squarely within the discretion of the trial court and will not be disturbed except for an abuse of discretion. *Walker v. Walker*, 539 N.E.2d 509, 510 (Ind.Ct.App.1989). On review, we will not reweigh the evidence, adjudge the credibility of the witnesses, nor substitute our judgment for that of the trial court. *Id.* We will examine the evidence to determine if there is any evidence supporting the trial court's determination. *Id.* We will not reverse unless we find the trial court's decision is against the logic and effect of the facts and circumstances before the Court or the reasonable inferences drawn therefrom. *Id.*

Joint legal custody means that the persons awarded joint custody will share authority and responsibility for the major decisions concerning the child's upbringing, including the child's education, health care, and religious training. Ind.Code § 31–9–2–67. A trial court may award legal custody of a child jointly if the court finds that an award of joint legal custody would be in the best interest of the child. Ind.Code § 31–17–2–13. An award of joint legal custody does not require an equal division of physical custody of the child. Ind.Code § 31–17–2–14.

In determining whether an award of joint legal custody would be in the best interest of the child, the court shall consider it a matter of primary, but not determinative, importance that the persons awarded joint custody have agreed to an award of joint legal custody. Ind.Code § 31–17–2–15. The court shall also consider:

(1) the fitness and suitability of each of the persons awarded joint custody;

(2) whether the persons awarded joint custody are willing and able to communicate and cooperate in advancing the child's welfare;

(3) the wishes of the child, with more consideration given to the child's wishes if the child is at least fourteen (14) years of age; and

(4) whether the child has established a close and beneficial relationship with both of the persons awarded joint custody;

(5) whether the persons awarded joint custody:

(A) live in close proximity to each other; and

(B) plan to continue to do so; and

(6) the nature of the physical and emotional environment in the home of each of the persons awarded joint custody.

Ind.Code § 31–17–2–15.

In *Walker*, a panel of this court upheld a trial court's sua sponte award of joint legal custody of a child to the parties. 539 N.E.2d 509. Both parties had sought sole custody of their minor daughter. The trial court made a determination of who should have physical custody of the child and then sua sponte made the determination that the parties should share legal custody.

A panel of this court was reluctant to affirm a trial court's award of joint legal custody in a situation where one of the parties objected to that award. *Walker*, 539 N.E.2d at 512. However, that panel recognized the trial court's discretion in making those determinations, and expressed reluctance to reverse a trial court's determination absent a showing of a clear abuse of that discretion. *Id.* The panel noted that one of the statutory factors to be considered, living in proximity to one another, was satisfied. Further, while there was ample evidence of disagreements between the parties, none of those disagreements involved fundamental differences in child-rearing philosophies, religious beliefs, or lifestyles.

■■■ In the present case, there was evidence in the record that Mother planned to move with the children from Indiana to Sauk Village, Illinois. Father testified that he planned to move to Sauk Village,

Illinois in order to live near them. Whether the parties live in proximity to each other or plan to in the future is one of the statutory factors to be considered. Further, the trial court found that while the parties exhibited argumentative behavior toward each other, they also had been able to cooperate and agree about what was in the children's best interests. Therefore, we find that there is evidence to support the trial court's determination.

■ The majority of Mother's argument on appeal centers around Father's stipulation of custody made at the final hearing. She argues that his stipulation precluded him from seeking joint legal custody and, therefore, the trial court erred by granting joint legal custody when there was no controversy on the issue. However, the trial court explained its understanding of the stipulation in the order entered denying the parties' Motions to Correct Errors. The trial judge explained that he understood Father to be stipulating to physical custody leaving legal custody to be determined by the trial court.

Mother cites cases where this court has held that it was error for the trial court to inject issues and remedies not sought by the parties. *See Gielsdorf–Aliah v. Aliah,* 560 N.E.2d 1275 (Ind.Ct.App.1990); *In Re: O'Campo,* 597 N.E.2d 1314 (Ind.Ct.App. 1992). Those cases involve situations where neither party sought a change in the amount of child support to be paid, yet the trial court raised the issue sua sponte and made modifications. Mother argues that the situation in the present case is analogous. However, in the present case, the custody of the children was at issue and was properly addressed by the trial court.

Affirmed.

MATTINGLY, J., and BAILEY, J., concur.