Frank J. KLOTZ, Appellant–Respondent,

v.

Velma C. KLOTZ, Appellee–Petitioner.

No. 45A03–0011–CV–417.

Court of Appeals of Indiana.

May 30, 2001.

D. Eric Neff, Crown Point, IN, Attorney for Appellant.

## OPINION

MATTINGLY–MAY, Judge.

Frank Klotz (hereinafter "Father") appeals an order of the trial court granting custody of his minor children to Velma Klotz (hereinafter "Mother") upon dissolution of the parties' marriage. He makes three allegations of error, which we consolidate and restate as whether the trial court abused its discretion when awarding custody to Mother.

We affirm.

## FACTS AND PROCEDURAL HISTORY

Mother and Father were married on May 21, 1988. They had two children during their marriage, namely C.K., born November 15, 1989, and B.K., born June 19, 1991. On March 11, 1999, Mother filed a Petition for Dissolution of Marriage. The parties entered into an Agreed Provisional Order for joint legal custody of the children, with Mother to have actual physical custody. Father subsequently filed a Petition for Modification of the provisional order, after Mother declared her intention to move to Nebraska with the children so that she might live with her boyfriend. The trial court did not rule on Father's petition; instead, it held a final dissolution hearing on October 5, 2000, and awarded sole legal and physical custody to Mother. Father then filed this appeal.

## DISCUSSION AND DECISION

At the outset, we note that Mother did not submit an appellee's brief. In such a situation, we do not undertake the burden of developing arguments for the appellee. Applying a less stringent standard of review with respect to showings of reversible error, we may reverse the lower court if the appellant can establish *prima facie* error. *Fisher v. Board of Sch. Trustees*, 514 N.E.2d 626, 628 (Ind.Ct.App. 1986). *Prima facie*, in this context, is defined as "at first sight, on first appearance, or on the face of it." *Johnson County Rural Elec. Membership Corp. v. Burnell*, 484 N.E.2d 989, 991 (Ind.Ct.App. 1985). Where an appellant is unable to meet that burden, we will affirm. *Blair v. Emmert*, 495 N.E.2d 769, 771 (Ind.Ct.App. 1986).

Child custody determinations fall squarely within the discretion of the trial court and will not be disturbed except for an abuse of discretion. We will not reverse unless we find the trial court's decision is against the logic and effect of the facts and circumstances before the Court or the reasonable inferences drawn therefrom. *Clark v. Clark*, 726 N.E.2d 854, 856 (Ind.Ct.App.2000), *transfer denied*, 741 N.E.2d 1257 (Ind.2000).

In summary, Father argues the trial court abused its discretion when awarding Mother custody. Specifically, he asserts that given the evidence presented at trial, the trial court erred when it found that Mother had always been the primary caretaker for the parties' minor children. He also asserts that since the parties had signed a provisional joint legal custody order, Mother's proposed move to Nebraska with the minor children fell under Ind. Code § 31–17–2–23, the relocation statute, thus requiring her to file notice of her relocation with the clerk and requiring the trial court to consider the factors in that statute when making its final custody award. We shall consider each of these arguments in turn.

We first consider whether the evidence presented at trial supports the trial court's findings. Father takes issue with the trial court's finding that "The evidence shows that the mother has always been the caregiver. That the children do not have that type of relationship with the father ..." In support of his argument that Mother has not always been the primary caretaker, Father notes that Mother testified that the paternal grandmother provided care for the children when Mother and the children lived with her after the parties' separation. He also notes that "he too participated in extra curricular activities, took them to and from school and watched over his children." (Br. of Appellant at 17.)

The findings of fact and conclusions of law entered by the trial court were

entered *sua sponte*. A review of findings of fact and conclusions of law that are issued *sua sponte* is based upon the same standard as a review of findings and conclusions issued upon a party's written request. We may affirm the judgment on any legal theory supported by the findings. In reviewing the judgment, we first must determine whether the evidence supports the findings and second, whether the findings support the judgment. The judgment will be reversed only when clearly erroneous. Findings of fact are clearly erroneous when the record lacks any evidence or reasonable inferences from the evidence to support them. To determine whether the findings or judgment are clearly erroneous, we consider only the evidence favorable to the judgment and all reasonable inferences flowing therefrom, and we will not reweigh the evidence or assess witness credibility. *Mullis v. Brennan*, 716 N.E.2d 58, 62 (Ind.Ct.App.1999).

Under this standard, we are not able to find that the trial court made even a *prima facie* error when finding that Mother was the primary caretaker for the children. There is evidence in the record that supports the trial court's finding. Mother testified that the parties separated in approximately May of 1996 and that the children lived with her from that time until the trial in October of 2000. She testified that prior to the issuance of provisional orders, Father had visitation with the children on weekends anywhere from once to three times per month. After the provisional orders were issued on March 31, 1999, Father had alternate weekend access. Kathy Nelson, Mother's sister, testified that Mother was available for all the children's activities outside of school and that she volunteered frequently at the school. She also testified that Mother helped the children every day with schoolwork. Thus, there is ample evidence in the record to indicate that Mother was the children's primary caretaker.

Father cites *Johnson v. Johnson*, 406 N.E.2d 1236 (Ind.Ct.App.1980), in support of his argument that the evidence does not support the trial court's finding. However, in *Johnson* the trial court made no findings at all regarding its custody order. In this case, the trial court did enter findings, and those findings are supported by the evidence. Therefore, *Johnson* is inapplicable here.

We next consider whether this case falls under Ind.Code § 31–17–2–23, the relocation statute. That statute provides that:

> If an individual who has been awarded custody of a child *under this chapter* intends to move to a residence ... that is outside Indiana or at least one hundred (100) miles from the individual's county of residence; the individual must file a notice of the intent to move with the clerk of the court that issued the custody order and send a copy of the notice to a parent who was not awarded custody and who has been granted visitation rights under IC 31–17–4 ...

(Emphasis added.) The statute further provides that the court shall have a relocation hearing upon request, and that "[t]he court shall take into account the following in determining whether to modify the custody, visitation, and support orders: (1) The distance involved in the proposed change of residence. (2) The hardship and expense involved for noncustodial parents to exercise visitation rights."

Father essentially argues that this case is a relocation case, and therefore it should fall within this statute. We disagree. The only previous custody order in this case was a provisional order, and it terminated by operation of law when the

trial court entered the final decree.[1] Indiana Code § 31–17–2–1 *et seq.* deals with final custody orders and modification of those orders, while provisional orders are dealt with in Ind.Code § 31–15–4–1 *et seq.* Thus, a custody order "under this chapter" is a final custody order, not a provisional order.

Indiana Code § 31–17–2–23 provides a procedure for the parties and the court to follow when one party seeks to relocate with minor children after a *final decree* has been entered. Father directs us to no statute or caselaw requiring that a relocation conducted while provisional orders are in place requires the same steps that a post-decree relocation does. Indeed, the logic behind this distinction is clear: provisional orders are temporary orders that suffice until a full evidentiary hearing can be held. Post-decree modifications are conducted after a court has determined, with benefit of a full evidentiary hearing, that a particular custody order is in the best interests of a minor child. Since no final decree was entered by the trial court, Ind.Code § 31–17–2–23 does not apply in this situation.

The cases cited by Father in support of his argument that the trial court abused its discretion, *Lamb v. Wenning,* 600 N.E.2d 96 (Ind.1992), *Hoos v. Hoos,* 562 N.E.2d 1292 (Ind.Ct.App.1990), and *Hanks v. Arnold,* 674 N.E.2d 1005 (Ind.Ct.App. 1996), are factually distinguishable from the present case because they are post-dissolution modification cases, and this case is not. Therefore, Father's arguments under those cases are inapposite here.[2]

We do not take issue with Father's argument to the extent he implies that it was proper for the trial court to consider the effect of Mother's proposed relocation with the minor children to Nebraska as a factor when making its final custody award. However, we are unable to find error in the actions taken by the trial court. The trial court's findings are based on evidence presented at trial, and those findings support the trial court's conclusion that it is in the minor children's best interests for Mother to be the custodial parent. We find that even under the lower burden of proof required when no appellee's brief is submitted, Father has not made a *prima facie* showing of abuse of discretion by the trial court.

Affirmed.

SHARPNACK, C.J., and KIRSCH, J., concur.

1. Indiana Code § 31–15–4–14 provides that "A provisional order terminates when: (1) the final decree is entered subject to right of appeal; or (2) the petition for dissolution or legal separation is dismissed."

2. We are similarly unpersuaded by Father's argument that the trial court has awarded Mother's boyfriend/girlfriend relationship the status of a marital relationship under the relocation statute by allowing Mother to move with the minor children. (Br. of Appellant at 22.) We also decline to address Father's argument under *Joe v. Lebow,* 670 N.E.2d 9 (Ind.Ct.App.1996), because that case involves a post-decree modification, which this case is not. (Br. of Appellant at 19.)