## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Nov 16 2018, 8:01 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Patrick A. Duff
Duff Law, LLC
Evansville, Indiana

ATTORNEY FOR APPELLEE

Erin L. Berger
Evansville, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Carl T. Winkley, <br> *Appellant-Petitioner,* <br><br> v. <br><br> Patricia Z. Winkley, <br> *Appellee-Respondent* | November 16, 2018 <br><br> Court of Appeals Case No. 82A04-1711-DR-2786 <br><br> Appeal from the Vanderburgh Superior Court <br><br> The Honorable Leslie Shively, Judge <br><br> Trial Court Cause No. 82D01-1606-DR-724 |

**May, Judge.**

Carl T. Winkley ("Father") appeals the trial court's order dissolving his marriage to Patricia Z. Winkley ("Mother"). He presents multiple issues for our review, which we restate as:

1. Whether the trial court abused its discretion when it distributed the marital property amongst the parties;

2. Whether the trial court abused its discretion when it awarded Mother physical and legal custody of J.W., P.W., R.W., and D.W. (collectively, "Minor Children"); and

3. Whether the trial court abused its discretion when it ordered Father's parenting time with J.W. and P.W. to be supervised.

We reverse in part, affirm in part, and remand for proceedings consistent with this opinion.

## Facts and Procedural History[1]

Mother and Father married on March 17, 1995. On June 3, 2016, Father filed a petition for dissolution of his marriage to Mother. There were seven children of the marriage, four of whom were Minor Children. On February 24, 2017, the trial court issued a Provisional Order addressing custody, parenting time, and financial issues. In the Provisional Order, the trial court awarded Father

---

[1] Father provides a page from mycase.in.gov in his appendix, indicating it is the chronological case summary, despite the fact the mycase page states it is not the official record of the court. While there is no appellate rule against citing mycase, we prefer the Official Chronological Case Summary, which is the official record of the court and may be obtained from the trial court.

primary physical custody of Minor Children, and Mother was permitted to exercise six hours of parenting time with Minor Children per week.

[3] On March 23, 2017, the trial court set a final hearing on the dissolution for July 31, 2017. On April 11, 2017, Mother filed a motion for appointment of a Guardian ad Litem ("GAL"). On May 5, 2017, the trial court granted Mother's motion and ordered the appointment of a GAL at Father's expense. The GAL filed her report on July 28, 2017.

[4] The trial court held the first final dissolution hearing on July 31, 2017. The trial court held four subsequent "final" hearings on August 3, 2017; September 8, 2017; September 22, 2017; and September 26, 2017. During the September 22, 2017, hearing, the trial court entered an order awarding Mother immediate physical custody of all Minor Children. On October 26, 2017, the trial court entered its order dissolving the marriage of Mother and Father.

# Discussion and Decision

## Distribution of Marital Property

[5] Father argues the trial court abused its discretion when it divided the marital property. We note the record does not reflect that either party asked the trial court to enter findings pursuant to Indiana Trial Rule 52. Nevertheless, the trial court entered a number of findings *sua sponte* as authorized by the Rule. When a general judgment is entered with findings, we will affirm it if it can be sustained on any legal theory supported by the evidence. *Yanoff v. Muncy*, 688

N.E.2d 1259, 1262 (Ind. 1997). Findings will be set aside only if they are clearly erroneous. *Id*. A finding is clearly erroneous only if the record contains no facts to support it either directly or by inference, and a judgment is clearly erroneous if it applies the wrong legal standard to properly found facts. *Id*. Superfluous findings, even if erroneous, cannot provide a basis for reversible error. *Mullin v. Mullin*, 634 N.E.2d 1340, 1341-42 (Ind. Ct. App. 1994).

[6] Indiana subscribes to a "one-pot" theory of marital property. *Morey v. Morey*, 49 N.E.3d 1065, 1069 (Ind. Ct. App. 2016) (citing Ind. Code § 31-15-7-4). Thus, when parties petition for dissolution of marriage,

> the court shall divide the property of the parties, whether:
>
> (1) owned by either spouse before the marriage;
>
> (2) acquired by either spouse in his or her own right:
>
> > (A) after the marriage; and
> >
> > (B) before final separation of the parties; or
>
> (3) acquired by their joint efforts.

Ind. Code § 31-15-7-4(a); *see also* Ind. Code § 31-9-2-98 (defining "property" for the purposes of dissolution as "all the assets of either party or both parties"). This "one-pot" theory ensures that all assets are subject to the trial court's power to divide and award. *Morey*, 49 N.E.3d at 1069.

Then, when the court divides the property, it

> shall presume that an equal division of the marital property between the parties is just and reasonable. However, this presumption may be rebutted by a party who presents relevant evidence, including evidence concerning the following factors, that an equal division would not be just and reasonable:
>
> (1) The contribution of each spouse to the acquisition of the property, regardless of whether the contribution was income producing.
>
> (2) The extent to which the property was acquired by each spouse:
>
> > (A) before the marriage; or
> >
> > (B) through inheritance or gift.
>
> (3) The economic circumstances of each spouse at the time the disposition of the property is to become effective, including the desirability of awarding the family residence or the right to dwell in the family residence for such periods as the court considers just to the spouse having custody of any children.
>
> (4) The conduct of the parties during the marriage as related to the disposition or dissipation of their property.
>
> (5) The earnings or earning ability of the parties as related to:
>
> > (A) a final division of property; and

(B) a final determination of the property rights of the
parties.

Ind. Code § 31-15-7-5. If the court determines that one party rebutted the presumption of equal division, "then the court must state its reasoning in its findings and judgment." *Morey*, 49 N.E.3d at 1072.

[8] The trial court has discretion to divide marital property, and we reverse only if the court abused its broad discretion. *Love v. Love*, 10 N.E.3d 1005, 1012 (Ind. Ct. App. 2014). An abuse of discretion occurs if the trial court: (1) entered a ruling clearly against the logic and effect of the facts and circumstances before the court, (2) misinterpreted the law, or (3) disregarded evidence of factors listed in the controlling statute. *Id*. When we review a claim that the trial court improperly divided marital property, we consider only the evidence most favorable to the trial court's disposition. *Morey*, 49 N.E.3d at 1069. Even if the facts and reasonable inferences might allow for a different conclusion, "we will not substitute our judgment for that of the trial court." *Id*.

[9] Division of marital property is highly fact sensitive, and we review a trial court's division "as a whole, not item by item." *Love*, 10 N.E.3d at 1012. We will not weigh evidence or consider evidence that conflicts with the trial court's judgment. *Id*. The party challenging the division of marital property "must overcome a strong presumption that the court considered and complied with the applicable statute." *Id*. at 1012-13 (quoting *Wanner v. Hutchcroft*, 888 N.E.2d 260, 263 (Ind. Ct. App. 2008)). In essence, we may not reverse a property distribution unless there is no rational basis for it. *Id*. at 1013.

Here, the trial court divided the marital property as follows:

> 6.01. <u>Scarp, Inc.</u> The corporation has no independent value as a going concern. The assets used by the corporation for business operations were also used by the parties personally. These assets shall be allocated between the parties as indicated in this section. [Father] shall be declared the sole owner of his 70% interest in Scarp, Inc.

> 6.02 <u>Unimproved Real Property:</u> The parties are the owners of unimproved real property located in the State of Missouri. The property shall be listed for sale with a licensed broker at a fair market value to be determined by said broker within 30 days of this Order. The proceeds from the sale shall be equally divided between the parties.

> 6.03 <u>Vehicles.</u> [Father] shall be the sole owner of the 2016 Dodge Ram motor vehicle. [Mother] shall be the sole owner of the 2011 Mercedes motor vehicle. The [Father] shall be responsible for the debt on each vehicle and shall hold the [Mother] harmless therefrom.

> 6.04 <u>Bank Accounts.</u> The parties are the owners of various joint bank accounts. The parties agree that all bank accounts shall be divided equally between the parties on the day this Decree is executed by this Court.

> 6.05 <u>[Mother's] Personal Property.</u> [Mother] shall have and retain exclusive legal title, free and clear from any claim of Husband, to her clothing, jewelry, household goods, furnishings, and other personal property currently in her possession. Additionally, [Mother] shall be the owner of the following personal property, which shall immediately be surrendered by the [Father]:

Laptop Computer
Decorations from Pier 1
60" Television set
Ninja blender
Dining room furniture located in marital residence
Bedroom furniture located in marital residence
Decorations in the kitchen of marital residence
Clothing belonging to [P.W.]
Clothing belonging to [J.W.]
Smaller desk
All items belonging to the minor children

6.06 [Father's] Personal Property.  [Father] shall have and retain exclusive legal title, free and clear of any claim of [Mother], to his clothing, jewelry, household goods, furnishings, and other personal property currently in his possession, except as expressly provided elsewhere in this Agreement.

6.07 Tax Refund.  The parties shall equally divide the tax refund for 2015.  [Father] shall pay to [Mother] a sum equal to fifty percent (50%) of the tax refund amount within 30 days of this Decree.  The parties shall file a joint tax return for tax year 2016. [Father] shall be responsible for any outstanding tax liability for tax year 2016, and any and all prior years.  The parties shall file separate tax returns for tax year 2017 and each year thereafter.

(Appellant's App. at 27-8) (formatting in original).

[11]  The trial court divided the parties' marital debts and obligations as follows:

7.01 Debts and Obligations of [Father].  Except as otherwise expressly provided in this Agreement, [Father] shall be solely responsible for the debts and obligations in his individual name, and, in addition, all debts and obligations incurred by him since the date of final separation.  [Father] agrees to defend,

indemnify, and hold harmless [Mother] from and against any and all liability, expense, attorney's fees, loss or damages which may be incurred or sustained by [Mother], directly or indirectly, arising out of, founded upon, or resulting from the failure of [Father] to perform, satisfy, or pay debts or obligations imposed by this Agreement.

7.02 <u>Debts and Obligations of [Mother].</u>  Except as otherwise expressly provided in this Agreement, [Mother] shall be solely responsible for the debts and obligations in her individual name incurred by her since the date of final separation.  [Mother] agrees to defend, indemnify, and hold harmless [Father] from and against any and all liability, expense, attorney's fees, loss or damage which may be incurred or sustained by [Father], directly or indirectly, arising out of, founded upon, or resulting from the failure of [Mother] to perform, satisfy, or pay debts or obligations imposed by this Agreement.

7.03 <u>Assumption of Debts.</u>  Each of the parties shall assume full responsibility for the debts listed below, to pay the debt timely as it becomes due and payable, and to indemnify and hold the other party harmless from any liability arising from the same:

| Assuming Party | Creditor | Approximate Balance Due |
| --- | --- | --- |
| [Father] | Any remaining balance on lease of marital residence | Unknown |
| [Father] | Mercedes-benz indebtedness | $22,000.00 |
| [Father] | Ram truck indebtedness | $40,000.00 |
| [Father] | Sybill Heydrich | $11,000.00 |
| [Father] | Fielding Manor | $4,000.00 |

| | | |
|---|---|---|
| [Father] | FNBC - prior mortgage | $66,000.00 |
| [Father] | HSBC credit card | $12,000.00 |
| [Father] | FNBC business loan | $6,000.00 |
| [Father] | Orthodontist | $3,000.00 |
| [Father] | Damages to Mercedes-benz | $1,300.00 |
| [Father] | FNBC Credit card debt | $1,542.38 |

7.04 Guardian-ad-Litem Fees.  As previously ordered, [Father] shall be responsible for the Guardian-ad-Litem fee owed to Amy Brandsasse, with an outstanding balance as of October 12, 2017 of $3,789.05.  Said fee is hereby reduced to a Judgment against [Father] and in favor of Amy Brandsasse and Professional Guardian-ad-Litem Services, LLC.  [Father] shall indemnify and hold [Mother] harmless from any liability arising out of the failure of [Father] to perform, satisfy, or pay said debt.  The Court affirms its prior Order that [Father] pay the sum of Five Hundred Dollars ($500.00) per month toward the outstanding fees owed to the Guardian-ad-Litem.

(*Id*. at 28-9) (errors in original).  Father contends the trial court's division of marital property resulted in an unequal distribution of property and the trial court erred by not providing its reasoning for this unequal split of marital property.  We agree.

[12] Considering the property division as a whole it would seem, based on the trial court's findings, that Father and Mother split equally the personal property, bank accounts, tax refunds, unimproved real property, and individual personal debt.  However, the trial court assigned all of the marital debt, a total of at least

$166,842.38, to Father.  In addition, the trial court left unknown the approximate balance due on the lease of the marital residence and did not attach a monetary value to Father's company, Scarp, Inc.  Moreover, the trial court awarded the Mercedes to Mother, but assigned the debt for that vehicle to Father.  Therefore, Father has rebutted the presumption that the marital pot was divided equally, and thus the trial court was required to give a reason for that unequal split. *See Morey*, 49 N.E.3d at 1072 (trial court must state reason for deviation from equal division of marital pot).  We reverse and remand for redistribution of marital assets or for findings by the trial court that justify an unequal distribution of assets.

## Custody and Parenting Time

[13]  Custody determinations fall squarely within the discretion of the trial court and will not be disturbed except for abuse of discretion.  *Klotz v. Klotz*, 747 N.E.2d 1187, 1189 (Ind. 2001).  We will not reverse unless the decision is against the logic and effect of the facts and circumstances before us or the reasonable inferences drawn therefrom.  *Id*.  When, as here, the trial court enters findings *sua sponte*, the specific findings control only as to the issue they cover.  *Julie C. v. Andrew C.*, 924 N.E.2d 1249, 1255 (Ind. Ct. App. 2010).  A general judgment standard applies to those issues upon which the trial court did not make findings.  *Id*.  The specific findings will not be set aside unless they are clearly erroneous, and we will affirm the general judgment on any legal theory supported by the evidence.  *Id*.  A finding is clearly erroneous when "there are no facts or inferences drawn therefrom that support it."  *Id*. at 1256.  In

reviewing the trial court's findings we cannot reweigh the evidence or judge the credibility of witnesses. *Id*. We consider only the evidence that supports the findings and the reasonable inferences to be drawn therefrom. *Id*. The trial court is not required to make specific findings regarding each of these factors, unless requested to do so by one of the parties. *Hegerfeld v. Hegerfeld*, 555 N.E.2d 853, 856 (Ind. Ct. App. 1990).

[14] Here, the trial court found, regarding custody and parenting time of Minor Children:

> 8.01 Legal Custody. [Mother] shall have sole legal custody of the children.
>
> 8.02 Physical Custody. [Mother] shall have sole physical custody of the children.
>
> 8.03 Parenting Time. The Court adopts the Interim Order on Custody of 9-22-17 and orders as follows: The Court grants physical custody of the minor children in this matter to Mother[.] The Father shall have parenting time with the older two children in this matter, R.W., and D.W., pursuant to the Indiana Parenting Time Guidelines. The Court orders Father to have parenting time with the younger two (2) children in this matter, P.W. and J.W., to be supervised by the Parenting Time Center.

(Appellant's App. at 29-30.) Father argues the trial court abused its discretion when it granted legal and physical custody to Mother, and when it ordered Father's parenting time supervised with P.W. and J.W. We address each issue in turn.

## *Legal Custody*

[15]     The trial court's decision regarding legal custody of minor children is guided by Indiana Code section 31-17-2-15, which states:

> In determining whether an award of joint legal custody under section 13 of this chapter would be in the best interest of the child, the court shall consider it a matter of primary, but not determinative, importance that the persons awarded joint custody have agreed to an award of joint legal custody. The court shall also consider:
>
> (1) the fitness and suitability of each of the persons awarded joint custody;
>
> (2) whether the persons awarded joint custody are willing and able to communicate and cooperate in advancing the child's welfare;
>
> (3) the wishes of the child, with more consideration given to the child's wishes if the child is at least fourteen (14) years of age;
>
> (4) whether the child has established a close and beneficial relationship with both of the persons awarded joint custody;
>
> (5) whether the persons awarded joint custody:
>
>> (A) live in close proximity to each other; and
>>
>> (B) plan to continue to do so; and
>
> (6) the nature of the physical and emotional environment in the home of each of the persons awarded joint custody.

[16] Father argues the trial court abused its discretion when it awarded Mother sole legal custody of Minor Children because he "expressed his desire to work with [Mother] and to ensure that [Minor Children] got the care they needed." (Br. of Appellant at 23.) Father also points to general evidence that he has made "an overt effort . . . to be involved with [Minor Children]." (*Id.*) Father's arguments are requests for us to reweigh the evidence and judge the credibility of witnesses, which we cannot do. *See Julie C.*, 924 N.E.2d at 1256 (appellate court will not reweigh evidence or judge the credibility of witnesses). The trial court did not abuse its discretion. *See Nunn v. Nunn*, 791 N.E.2d 779, 787 (Ind. Ct. App. 2003) (it is within the trial court's discretion to grant sole legal custody to one parent despite both parents' involvement in child rearing and strong bonds with their children).

[17] Furthermore, there exists sufficient evidence to support the trial court's award of sole legal custody to Mother. The GAL stated:

> This families [sic] in crisis, it's been in crisis for a long time and with how the custody exchange transferred [sic] was handled and I saw how chaotic it was and it was their normal. It just really registered with me that um, it's, things are bad in this case. . . . I think there is no ability to co-parent at this point. There's no ability to co-parent. So, I think it's obvious that sole legal should, should go to [Mother]. Just because there is no ability to co-parent between the two of these people.

(Tr. Vol. III at 138-9.) The record and parties' appellate briefs are littered with language indicating extreme animosity between the parties - Father's recitation of the facts focuses on alleged incidents involving domestic violence at the

hands of Mother, and Mother's brief details allegations of child abuse. The trial court did not abuse its discretion when it awarded sole legal custody of Minor Children to Mother. *See Carmichael v. Siegel,* 754 N.E.2d 619, 636 (Ind. Ct. App. 2001) ("Even two parents who are exceptional on an individual basis when it comes to raising their children should not be granted, or allowed to maintain, joint legal custody over the children if it has been demonstrated . . . that those parents cannot work and communicate together to raise the children.").

### *Physical Custody*

In determining child custody, the trial court is to consider eight statutory factors:

>   (1) The age and sex of the child.
>
>   (2) The wishes of the child's parent or parents.
>
>   (3) The wishes of the child, with more consideration given to the child's wishes if the child is at least fourteen (14) years of age.
>
>   (4) The interaction and interrelationship of the child with:
>
>>       (A) the child's parent or parents;
>>
>>       (B) the child's sibling; and
>>
>>       (C) any other person who may significantly affect the child's best interests.

(5) The child's adjustment to the child's:

    (A) home;

    (B) school; and

    (C) community.

(6) The mental and physical health of all individuals involved.

(7) Evidence of a pattern of domestic or family violence by either parent.

(8) Evidence that the child has been cared for by a de facto custodian, and if the evidence is sufficient, the court shall consider the factors described in section 8.5(b) of this chapter.

Ind. Code § 31-17-2-8.

[19] Father argues the trial court abused its discretion when it awarded sole physical custody of Minor Children to Mother because it did "not provide any additional explanation for its ruling." (Br. of Appellant at 22.) Father did not request such findings, and the trial court was not required to enter specific findings regarding the reasons it awarded Mother sole physical custody of Minor Children. *See Hegerfeld*, 555 N.E.2d at 856 (absent a request from one of the parties, the trial court is not required to make specific findings regarding the factors considered when making a child custody determination).

[20] Father also seems to argue the evidence before the trial court, when considered in light of the factors in Indiana Code section 31-17-2-8, does not support its

award of sole physical custody of Minor Children to Mother. However, Father's alternate versions of certain events are invitations for us to reweigh the evidence and judge the credibility of witnesses, which we cannot do. *See Julie C.*, 924 N.E.2d at 1256 (appellate court will not reweigh evidence or judge the credibility of witnesses).

### Parenting Time

A trial court has discretion to determine issues regarding parenting time, and we will reverse only upon a showing of abuse of that discretion. *Lasater v. Lasater*, 809 N.E.2d 380, 400 (Ind. Ct. App. 2004). "No abuse of discretion occurs if there is a rational basis in the record supporting the trial court's determination." *Id*. On appeal, we cannot reweigh evidence or judge the credibility of witnesses. *Id*. "In all visitation controversies, courts are required to give foremost consideration to the best interests of the child." *Id*.

Indiana Code section 31-17-4-1 states, in relevant part: "A parent not granted custody of the child is entitled to reasonable parenting time rights unless the court finds, after a hearing, that parenting time by the noncustodial parent might endanger the child's physical health or significantly impair the child's emotional development." Although that section uses the term 'might,' "this court interprets the statute to mean that a court may not restrict visitation unless that visitation would endanger the child's physical health or well-being or significantly impair the child's emotional development." *Farrell v. Littell*, 790

N.E.2d 612, 616 (Ind. Ct. App. 2003) (interpreting Ind. Code § 31-14-14-1[2]). "By 'its plain language,' [the statute] requires a court to make a specific finding 'of physical endangerment or emotional impairment prior to placing a restriction on the noncustodial parent's visitation.'" *Id.* (quoting *In re Paternity of V.A.M.C.*, 768 N.E.2d 990, 1001 (Ind. Ct. App. 2002), *clarified on reh'g*). An order of supervised parenting time constitutes a restriction of parenting time under Indiana Code section 31-17-4-1. *Hatmaker v. Hatmaker*, 998 N.E.2d 758, 761 (Ind. Ct. App. 2013).

[23] Father argues the trial court abused its discretion when it ordered him to participate in supervised visitation with P.W. and J.W. because the trial court did not make a specific finding that unsupervised parenting time might cause physical endangerment or emotional impairment to P.W. and J.W. We agree. The trial court was required to make such a finding to order supervised visitation, and it did not. Therefore, we remand for the trial court to either: (1) enter a specific finding that satisfies Indiana Code section 31-17-4-1; or (2) remove the requirement that Father exercise supervised parenting time with P.W. and J.W. *See Farrell*, 790 N.E.2d at 616 (noting statute required a specific finding to support the restriction of parenting time).

---

[2] Indiana Code section 31-14-14-1 governs parenting time in a paternity action, while Indiana Code section 31-17-4-1 governs parenting time in a dissolution action. The language of the two statutes is virtually identical, and we have interpreted them to have the same meaning. *Compare* language of Ind. Code § 31-14-14-1(a) *with* Ind. Code § 31-17-4-1(a); *and see, e.g., In re Paternity of W.C.*, 952 N.E.2d 810, 815 n.2 (Ind. Ct. App. 2011) (noting the relevant provisions in the two statutes are virtually identical).

# Conclusion

Father has demonstrated an unequal distribution of the marital pot, and thus the trial court's failure to include findings to justify that distribution constitutes an abuse of discretion. The trial court also abused its discretion when it ordered Father to have supervised parenting time with P.W. and J.W. without entering a specific finding to support that restriction, as required by statute. However, the trial court did not abuse its discretion when it awarded sole legal and sole physical custody of Minor Children to Mother.

Accordingly, we reverse the trial court's division of the marital property and remand for it to: (1) equalize the distribution of the marital pot; or (2) enter findings to support an unequal distribution of the marital pot. We also reverse the trial court's order that Father have supervised parenting time with J.W. and P.W. and remand for the trial court to: (1) allow Father unsupervised parenting time pursuant to the Indiana Parenting Time Guidelines; or (2) issue findings to justify that restriction under Indiana Code section 31-17-4-1. We affirm the trial court's award of sole legal and sole physical custody of Minor Children to Mother.

Reversed in part, affirmed in part, and remanded.

Riley, J., and Mathias, J., concur.