# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 23 2019, 9:17 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

R. Patrick Magrath
Alcorn Sage Schwartz & Magrath, LLP
Madison, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| R.A.W.,<br>*Appellant-Petitioner,*<br><br>v.<br><br>S.L.W.,<br>*Appellee-Respondent.* | May 23, 2019<br><br>Court of Appeals Case No.<br>18A-DR-2959<br><br>Appeal from the Jennings Superior Court<br><br>The Honorable Gary L. Smith, Judge<br><br>Trial Court Cause No.<br>40D01-1007-DR-109 |

**Bailey, Judge.**

# Case Summary

[1] R.A.W. ("Father") appeals the trial court order denying his motion to modify child custody. He raises one issue which we restate as whether the trial court abused its discretion in excluding evidence.

[2] We affirm.

# Facts and Procedural History

[3] Father and S.L.W. ("Mother"), were married, and Father filed for dissolution of the marriage in July of 2010. On October 15, 2010, following a "final hearing" on the dissolution petition, the trial court issued a dissolution decree in which it ordered that the parties had joint physical and legal custody of their only child, K.W. ("Child"), born on September 15, 2006. App. at 27. In January of 2013, both parties filed motions to modify custody, which resulted in a March 14, 2013, Agreed Order specifying times to exchange for their 50/50 custody of Child. In April of 2018, Father filed another motion to modify custody, and that motion resulted in a May 11, 2018, Mediated Agreed Entry regarding the custody schedule.

[4] Approximately one month later—on July 11—Father filed another motion to modify custody in which he sought sole legal and physical custody of Child on the grounds that Mother "failed to disclose material information" to him about "inappropriate contact" by Mother's step-children and that Child "has expressed a desire to stay" with Father. *Id*. at 76. The trial court conducted a

hearing on Father's motion on August 27 and October 29, 2018.  In an order

dated October 30, the trial court denied Father's motion.  Father now appeals.

# Discussion and Decision

Father appeals the denial of his motion for a modification of child custody.

Mother did not submit an appellee's brief.

> In such a situation, we do not undertake the burden of
> developing arguments for the appellee.  Applying a less stringent
> standard of review with respect to showings of reversible error,
> we may reverse the lower court if the appellant can establish
> prima facie error.  Prima facie, in this context, is defined as at
> first sight, on first appearance, or on the face of it.  Where an
> appellant is unable to meet that burden, we will affirm.

*Klotz v. Klotz*, 747 N.E.2d 1187, 1189 (Ind. Ct. App. 2001) (quotations and

citations omitted).

We review child custody determinations for an abuse of discretion, and we

"will not substitute our own judgment if any evidence or legitimate inferences

support the trial court's judgment."  *Kirk v. Kirk*, 770 N.E.2d 304, 307 (Ind.

2002).  We do not reweigh the evidence or judge the credibility of the witnesses.

*E.g.*, *Miller v. Carpenter*, 965 N.E.2d 104, 108 (Ind. Ct. App. 2012).  And, "[o]n

appeal it is not enough that the evidence might support some other conclusion,

but it must positively require the conclusion contended for by appellant before

there is a basis for reversal."  *Kirk*, 770 N.E.2d at 307 (quotation and citation

omitted); *see also Carmichael v. Siegel*, 754 N.E.2d 619, 635 (Ind. Ct. App. 2001)

("[W]ith respect to physical custody, a noncustodial parent must show something more than isolated acts of misconduct by the custodial parent to warrant a modification of child custody; he or she must show that changed circumstances regarding the custodial parent's stability and the child's well-being are substantial."). The petitioner seeking modification bears the burden of demonstrating that the existing custody order should be altered. *Kirk*, 770 N.E.2d at 307.

Pursuant to Indiana Code Section 31-17-2-21, a trial court may not modify an existing child custody order unless (1) the modification is in the best interests of the child, and (2) there has been a substantial change in one or more of the statutory factors set forth in Indiana Code Section 31-17-2-8. Those factors include:

> (1) The age and sex of the child.
>
> (2) The wishes of the child's parent or parents.
>
> (3) The wishes of the child, with more consideration given to the child's wishes if the child is at least fourteen (14) years of age.
>
> (4) The interaction and interrelationship of the child with:
>
> > (A) the child's parent or parents;
> >
> > (B) the child's sibling; and

(C) any other person who may significantly affect the child's best interests.

(5) The child's adjustment to the child's:

(A) home;

(B) school; and

(C) community.

(6) The mental and physical health of all individuals involved.

(7) Evidence of a pattern of domestic or family violence by either parent.

(8) Evidence that the child has been cared for by a de facto custodian....

Ind. Code § 31-17-2-8.

[8] Here, Father contends that the trial court erred when it "systematically refused to allow Father to introduce evidence" of facts and circumstances that occurred prior to the May 11, 2018, agreed custody order and, thus, "erroneously denied Father the ability to present his case." Appellant's Br. at 9. Specifically, Father alleges that the trial court erroneously excluded evidence of the following : (1) a Department of Child Services ("DCS") investigation into allegations of inappropriate behavior of Mother's step-children prior to May 11, 2018; (2) "aggressive conflicts" between Mother and Father's current wife, Melissa,

("Melissa") in Child's presence; (3) Mother's history of allegedly leaving Child in Father's exclusive care for long periods of time; and (4) Mother's alleged history of mental health concerns. *Id.* We review the exclusion of evidence for an abuse of discretion. *E.g.*, *Wilson v. State*, 765 N.E.2d 1265, 1272 (Ind. 2002).

[9] Father's contention that the trial court excluded the above-referenced evidence is factually inaccurate. The trial court did allow the introduction of testimony about: the DCS investigation, Tr. at 6, 8, 20-21, 26, 43-44, 52, 66;[1] the arguments between Mother and Melissa, Tr. at 14-15, 23, 48, 53-56; the allegations that Mother left Child with Father for extended periods of time in 2009 and 2010, Tr. at 69-70;[2] and questions about Mother's mental health, Tr. at 71.[3]

[10] Moreover, even if we assume, without deciding, that the trial court refused to "consider" such admitted evidence and that refusal was erroneous,[4] we affirm

---

[1] We note that the trial court also appears to have informed Father that he could bring DCS in to testify about the previous investigation, but Father chose not to do so. Tr. at 81.

[2] Although the trial court stated that it believed such evidence had "almost no significance to the conversation today," it nevertheless allowed the witness to answer the question about whether Mother left Child for extended periods. Tr. at 69-70. However, the testimony on that topic was inconclusive, at best. *Id.*

[3] Although the trial court noted that only questions related to the time from May 11, 2018, forward were relevant, it nevertheless allowed the witness to answer Father's question regarding whether the witness had ever heard Mother threaten to commit suicide; the witness, Father's friend, responded, "To my knowledge, no. Honestly, I've never heard her." Tr. at 71.

[4] Indiana Code Section 31-17-2-21(c) provides that, in actions to modify child custody, "[t]he court shall not hear evidence on a matter occurring before the last custody proceeding between the parties unless the matter relates to a change in the factors relating to the best interests of the child as described by section 8 … of this chapter." Here, we note the last—and only—custody order resulting from a "custody proceeding" (rather than a stipulation of the parties) was the dissolution order dated October 15, 2010. *See Dwyer v. Wynkoop*, 684 N.E.2d 245, 249 (Ind. Ct. App. 1997) (indicating that the term "custody proceeding" in subsection (c) does not "necessarily" refer to "situations where custody was originally determined solely by stipulation of the

the custody order because Father has failed to show harm from any such error. None of the evidence to which Father points would "positively require" a change in custody. *Kirk*, 770 N.E.2d at 307. The DCS investigation did not involve Child at all and, in any case, resulted in a finding that the allegations were unsubstantiated. Regarding the fighting between Mother and Melissa, there was evidence that such fighting was provoked by both women. And, even though the trial court allowed Father to elicit testimony regarding 2009 and 2010 allegations of Mother leaving Child for extended periods of time and having mental health concerns, none of the testimony supported those allegations. Thus, any alleged error in refusing to consider pre-May 2011 evidence in making the custody modification decision was harmless. Father's argument amounts to a request that we reweigh the evidence, which we will not do. *Miller*, 965 N.E.2d at 108.

[11] Father has failed to establish prima facie error, i.e., that the trial court abused its discretion.

[12] Affirmed.

Riley, J., and Pyle, J., concur.

---

parties," but, rather, to orders resulting from proceedings where evidence was heard), *trans. denied*. Thus, in this case it appears that the trial court could "hear evidence" of events that occurred on or after October 15, 2010. I.C. § 31-17-2-21(c).